IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTURO CASTILLO-DELGADO,

    Petitioner,

  v.                                                        No. CV 14-0201 WJ/CEG

JOE PRYOR, WARDEN,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court on Petitioner's Response (Doc. 8) to the order (Doc. 6) that required Petitioner to show cause why his petition for writ of habeas corpus should not be dismissed for failure to exhaust administrative remedies. As previously noted, Petitioner is serving a sentence for a federal criminal conviction and seeks credit against his sentence for time spent in pre-prosecution immigration custody. On the question of exhaustion, Petitioner states in his petition that "the BOP repeatedly failed to correct the release date." In his response, he contends that the exhaustion requirement is satisfied because further administrative proceedings would be futile.

    Petitioner may not prosecute his § 2241 petition unless he has exhausted available administrative remedies of the Federal Bureau of Prisons. *See Eldridge v. Berkebile*, 526 F. App'x 897, 898 (10th Cir. 2013); *United States v. Eccleston*, 521 F.3d 1249, 1253, 1255 (10th Cir. 2008). "And before filing a petition, the prisoner must first attempt to resolve his concern informally, followed by administrative grievances at the institutional, regional, and national levels of the Bureau of Prisons." *Payne v. Maye*, 525 F. App'x 854, 855 (10th Cir. 2013) (citing 28 C.F.R. §§ 542.13-.18). "A narrow exception to the exhaustion requirement applies if a petitioner

can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

As documentary support for Petitioner's exhaustion argument, attached to his response are copies of three "Inmate Request to Staff" forms, each of which was denied. Petitioner's requests to staff for re-computation of his sentence do not amount to exhaustion. Petitioner asserts that the denials of his requests were based on analysis of his criminal case and interpretation of 18 U.S.C. § 3585(b), and, therefore, further pursuit of administrative relief would be futile because "the appeal process is not going to change the BOP's [analysis]." The Court of Appeals for the Tenth Circuit does not agree with Petitioner's view. "[Staff dispositions of his requests] do not 'definitively prevent the BOP from [re-computing his sentence].' " *Garza v. Davis*, 596 F.3d at 1205 (affirming dismissal of a § 2241 petition) (citing *Torres-Villa v. Davis,* 354 F. App'x 311, 313 (10th Cir. 2009). Stated otherwise, "[staff]'s purported actions do not mean that the *BOP* has predetermined the issue." *Daybell v. Davis*, 366 F. App'x 960, 963 (10th Cir. 2010) (italics in original). Under these decisions, Petitioner's response fails to establish the futility of further administrative proceedings, and thus he has not exhausted available remedies. The Court will dismiss the petition without prejudice.

IT IS THEREFORE ORDERED that Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus is DISMISSED without prejudice for failure to exhaust available administrative remedies, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE